# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1333

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Lynn Warren Tjaden, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 17, 2006
Filed: January 16, 2007

_____

Before SMITH, BOWMAN, and COLLOTON, Circuit Judges.

_____

SMITH, Circuit Judge.

Lynn Tjaden pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. The district court[1] denied Tjaden's request for an acceptance-of-responsibility reduction and sentenced him to 72 months' imprisonment, an upward departure from the Guidelines sentencing range of 41 to 51 months. Tjaden argues that the district court erred by not granting his request for an acceptance-of-responsibility reduction and by departing upward. We affirm.

_____

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

# I. *Background*

As part of Tjaden's plea agreement, the government agreed to recommend a three-level reduction in the adjusted offense level for acceptance of responsibility, as authorized by U.S.S.G. § 3E1.1. The plea agreement explicitly mandated that Tjaden not commit any additional acts that were inconsistent with his acceptance of responsibility.

Tjaden acknowledged his wrongful conduct in a check-kiting scheme. In an effort to demonstrate his acceptance of responsibility, Tjaden began to incrementally repay the bank victimized by his fraud. However, the government discovered that Tjaden financed his repayments with proceeds from a new fraud scheme. Based upon Tjaden's new fraudulent activities, the government withdrew its acceptance-of-responsibility recommendation. Before sentencing, the district court provided the parties with proper notice that it was considering departing upward.

At sentencing, the government provided documentary evidence and testimony supporting its allegation that Tjaden continued to commit fraudulent acts. Tjaden did not testify but argued through counsel that he had received the proceeds in question from several local businesses and farmers from the sale of farm equipment and a farming website. The district court rejected Tjaden's explanation, departed upward from the Sentencing Guidelines range of 41 to 51 months, and sentenced Tjaden to 72 months' imprisonment based upon the government's proof that Tjaden continued to "engage in . . . wrongful activity."

On appeal, Tjaden contends that the district court committed reversible error by 1) refusing to reduce his sentence in light of his acceptance of responsibility; and 2) imposing a 21-month upward departure.

## II. *Discussion*

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Webb,* 214 F.3d 962, 964 (8th Cir. 2000). We review the ultimate sentence for reasonableness, which is akin to the abuse-of-discretion standard. *United States v. Medearis*, 451 F.3d 918, 920 (8th Cir. 2006). "A sentencing court may act unreasonably if it fails to consider a matter of relative importance, gives significant weight to an improper or irrelevant matter, or arrives at a sentence outside of the range justified by the facts of the case." *Id.*

### A. *Acceptance of Responsibility*

A defendant who enters a guilty plea is not entitled to a sentence adjustment as a matter of right. *United States v. Morris*, 139 F.3d 582, 584 (8th Cir.1998). A defendant bears the burden of establishing entitlement to a downward adjustment for the acceptance of responsibility. *United States v. Honken*, 184 F.3d 961, 968 (8th Cir. 1999), *cert. denied,* 528 U.S. 1056 (1999). "Whether to grant a reduction for acceptance of responsibility is a factual determination which depends largely on the district court's credibility assessments." *United States v. McQuay*, 7 F.3d 800, 801 (8th Cir.1993). "This court gives great deference to a district court's refusal to grant a reduction for acceptance of responsibility and will reverse only for clear error." *Id.*

The district court heard evidence from federal agents who testified that Tjaden had resumed fraudulent activities, as well as from individuals to whom Tjaden made false statements. The government also produced financial records, e-mails, and business letters to support this allegation. Tjaden maintains that this same evidence also shows that he was engaged in the legitimate sale of farm equipment and a farming website. He notes that several of the documents produced by the government show that he had begun these dealings before his original guilty plea.

We cannot say that the district court's decision was clearly erroneous. The government's evidence, if believed, established that Tjaden had not ceased

wrongdoing as required by the plea agreement. Tjaden neither offered evidence refuting the government's allegation, nor produced any evidence to support his contention that he was merely engaging in the legal sale of farm equipment and a farming website.

Based upon the court's findings, the denial of Tjaden's acceptance-of-responsibility request was appropriate, if not required. *See United States v. Nguyen*, 52 F.3d 192, 194 (8th Cir. 1995) ("We have difficulty imagining any behavior more inconsistent with acceptance of responsibility than the commission of the same type of offense while on bond.").

## B. *Upward Departure*

"We review de novo whether the district court based its departure on a permissible factor, review the factual findings supporting the departure for clear error, and review the reasonableness of the departure for abuse of discretion." *United States v. Smith*, 367 F.3d 748, 750 (8th Cir. 2004). The district court based its departure upon a permissible factor—Tjaden's extensive fraudulent activities and criminal history. U.S.S.G. §§ 2B1.1 cmt. n.19, 4A1.3(a)(1), and 5K2.0.

For reversal, Tjaden offers no additional basis than that raised in his argument for acceptance of responsibility. He merely reiterates his argument that the district court's findings at sentencing were clearly erroneous. We have already affirmed those findings. Based upon this record, we cannot say that the sentence is unreasonable.

## III. *Conclusion*

For the forgoing reasons, we affirm the district court's judgment denying a reduction for acceptance of responsibility and departing upward.

_____