# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2847

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Charles Anthony Watson, also known | * | |
| as Big Country, also known as | * | |
| Mississippi, also known as Tony, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 10, 2007
Filed: April 2, 2007

_____

Before MURPHY, HANSEN, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Charles Watson pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, 851 and 860 and conspiracy to carry a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c) and 924(o). The district court[1] declined to depart downward under the Guidelines and also

_____

[1]The Honorable Linda Reade, Chief Judge, United States District Court for the Northern District of Iowa.

denied Watson's requests for a variance. Watson appeals, arguing that his sentence is unreasonable because his co-defendant's sentence was substantially less. We affirm.

## I. *Background*

Watson enlisted several associates to help him steal drugs from a rival dealer. Watson asked Eric Sallis, Michael Bruce, and Dontay Hoosman to help him ambush his competitor at a designated location. When they arrived, Bruce and Sallis carried firearms, but Sallis' weapon was not loaded. During the ambush, Bruce shot and killed one of Watson's rivals. All four men were arrested and charged with various crimes stemming from the incident.

Watson and Sallis pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine within 1,000 feet of a protected location and to conspiracy to carry a firearm in relation to a drug-trafficking crime. At sentencing, the district court imposed a sentence of 305 months' imprisonment on Watson. Sallis, on the other hand, was sentenced to 136 months' imprisonment. The district court refused to grant Watson a felony-murder departure under the Guidelines. The court also refused to grant a variance based on the disparity between Watson's and Sallis' sentences. Watson appeals both decisions. We affirm.

## II. *Discussion*

We review the district court's application of the Guidelines de novo and its factual findings for clear error. *United States v. Tjaden*, 473 F.3d 877, 879 (8th Cir. 2007). We review the ultimate sentence for reasonableness, which is akin to the abuse-of-discretion standard. *Id*.

A sentence within the Guidelines range is presumptively reasonable. *United States v. Lincoln*, 413 F.3d 716, 718 (8th Cir. 2005). However, we review the sentence imposed for reasonableness under 18 U.S.C. § 3553(a), even if the sentence is within the Guidelines range. *United States v. Tobacco*, 428 F.3d 1148, 1150–51 (8th Cir.

2005). Whether a sentence is reasonable in light of § 3553(a) is reviewed for abuse of discretion. *United States v. Hadash*, 408 F.3d 1080, 1083 (8th Cir. 2005). A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005).

## A. *Felony Murder Departure*

Watson argues that the district court erred by declining to exercise its discretion to grant him a felony-murder downward departure.[2] We have repeatedly held that when a district court is aware of its discretion to depart downward and elects not to exercise this discretion, then that decision is unreviewable. *United States v. Lee*, 451 F.3d 914, 918 (8th Cir. 2006); *United States v. Anderson*, 446 F.3d 870, 877 (8th Cir.2006). The record is clear, and Watson does not dispute, that the district court was aware of its discretion. Therefore, we have no authority to review the district court's decision.

## B. *Sentencing Disparity*

Watson's sentence included a term of imprisonment of 305 months, while co-defendant Sallis received a term of imprisonment of 136 months. Watson argues that the district court should have granted him a variance, in accordance with the § 3553(a) factors, to avoid significant sentencing disparities between equally situated offenders.[3]

---

[2]Comment 2(B) of U.S.S.G. § 2A1.1 allows the district court to grant a downward departure in offenses that involve a felony murder, "[i]f the defendant did not cause the death intentionally or knowingly . . . "

[3]While Watson's brief is unclear,we assume that he is not arguing that he is entitled to a downward departure under the Guidelines in order to reduce the discrepancy between his and Sallis' sentence. We have repeatedly rejected this argument. *See Anderson*, 446 F.3d at 877 ("[T]he district court correctly recognized that a sentencing disparity among co-defendants is not a proper basis for a departure

Watson contends his sentence is unreasonable because the court did not grant such a variance.

Watson bases his argument upon our holding in *United States v. Lazenby*, 439 F.3d 928 (8th Cir. 2006). This reliance is misplaced. In *Lazenby*, we expressed concern about disparate sentences among co-conspirators based upon a district court's decision to give one defendant an 83% downward variance, while declining to give such a variance to the other. *Id*. at 932. We were particularly sensitive to the fact that the defendant who received the downward variance was the more culpable of the two. *Id*. at 933.

This case is distinguishable from *Lazenby*. Here, the disparate sentences derive from different departures based upon legitimate distinctions between Sallis and Watson, not the result of different variances. Sallis received a downward departure for felony murder, along with reductions for acceptance of responsibility and substantial government assistance. U.S.S.G. § 2A1.1, cmt. 2(B), 2A1.1, 5K1.1. In contrast, Watson received several enhancements because his participation in the conspiracy involved a handgun and was committed within 1,000 feet of a protected area. U.S.S.G. §§ 2D1.1(b)(1), 2D1.2(a)(2). Watson received an additional enhancement after the court determined that he was the conspiracy's leader. U.S.S.G. § 3B1.1(a).

Further, and unlike in *Lazenby*, the district court found that Watson was the more culpable of the two defendants. Watson planned the ambush and recruited Sallis. Watson insisted that Sallis be armed. Watson conceived the ambush for his financial gain. Watson, unlike Sallis, was aware that Bruce was armed. These distinctions

---

under the guidelines"); *United States v. Polanco,* 53 F.3d 893, 897 (8th Cir. 1995) ("Disparity between sentences imposed on codefendants is not a proper basis for departure"); *United States v. Granados*, 962 F.2d 767, 774 (8th Cir. 1992) ("A defendant cannot rely upon his co-defendant's sentence as a yardstick for his own; a sentence is not disproportionate just because it exceeds a co-defendant's sentence").

account for any apparent disparity in Watson's sentence. Watson does not challenge any of the factual findings underlying his sentence. We hold that the district court did not impose an unreasonable sentence.

### III. *Conclusion*

For the forgoing reasons, the sentence imposed by the district court is affirmed.

_____