# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2517
_____

United States of America,      *
     *
        Appellee,      *     Appeal from the United States
     *     District Court for the
     v.      *     District of Minnesota.
     *
Raul Alexander Jimenez,      *     [UNPUBLISHED]
     *
        Appellant.      *

_____

Submitted: September 28, 2007
Filed: November 2, 2007
_____

Before COLLOTON, ARNOLD and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Raul Alexander Jimenez pled guilty to conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. He now appeals his sentence. For the reasons discussed below, we affirm the sentence of the district court.[1]

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

On June 28, 2004, Minneapolis police officers executed search warrants at two residences, recovering 1892.45 grams of cocaine, $41,000 in U.S. currency, a digital scale and drug packaging materials. That same day, another individual who was part of the drug distribution conspiracy sold 1016.4 grams of cocaine to an undercover officer. A cooperating witness identified Jimenez as directly involved in the transportation and sale of the drugs, and police found Jiminez's fingerprints on the packaging of the cocaine sold to the undercover officer. Based on the evidence found in the residences and the cooperating witness, the police arrested Jimenez.

After a federal grand jury returned an indictment against him, Jimenez entered into a plea agreement with the Government. In the plea agreement, Jimenez agreed to plead guilty and the Government agreed to recommend a downward adjustment for his acceptance of responsibility and not to object to Jimenez's request for a minor role reduction in his advisory sentencing guideline range. At sentencing, the district court held Jimenez accountable for the 1892.45 grams of cocaine found in the residences and the 1016.4 grams sold to the undercover officer and determined a base offense level of 28. The court then granted a two-level reduction under the safety valve provision in United States Sentencing Guidelines § 5C1.2, a two-level reduction under § 3B1.2(b) for Jimenez's role as a minor participant in the offense, and a three-level reduction under § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 21. With a criminal history category of I, Jimenez's advisory sentencing guidelines range was 37 to 46 months' imprisonment, to which he did not object. The Government recommended a sentence within the guidelines range, and the district court sentenced Jimenez to 37 months' imprisonment.

On appeal, Jimenez challenges his sentence as unreasonable. We review a defendant's reasonableness challenge with a standard akin to abuse of discretion. *United States v. Beck*, 496 F.3d 876, 879 (8th Cir. 2007). A district court abuses its discretion in sentencing if it

fails to consider a relevant factor that should have received significant weight, . . . gives significant weight to an improper or irrelevant factor, or . . . considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.

*United States v. Haack*, 403 F.3d 997, 1004 (8th Cir.), *cert. denied*, 546 U.S. 913 (2005). We presume that a sentence within the properly calculated guidelines range is reasonable. *Rita v. United States*, 551 U.S. ---, 127 S. Ct. 2456, 2462 (2007).

Prior to sentencing, Jimenez filed a motion seeking a downward variance based on certain alleged mitigating factors. In sentencing Jimenez, the district court specifically acknowledged the issues Jimenez raised in his motion and considered and rejected the possibility of granting a variance. The court determined that a sentence at the bottom of the advisory guidelines range was appropriate.

On appeal, Jimenez again argues that a co-defendant's 18-month sentence is disproportionate to his 37-month sentence. However, the co-defendant received a lesser sentence based on his substantial assistance under § 5K1.1, while Jimenez did not provide substantial assistance and therefore did not qualify for a reduced sentence under § 5K1.1. *See United States v. Watson*, 480 F.3d 1175, 1178 (8th Cir.), *cert. denied*, --- U.S. ---, 2007 WL 2231098 (Oct. 1, 2007) (upholding sentence disparity between two defendants when, among other considerations, one received a downward departure under § 5K1.1 and the other did not). Jimenez also argues that his sentence was unreasonable because he claims that the offense was aberrant behavior, that he lacked sophistication, that he was only involved for a short time, that he committed the crime because of his extreme poverty, and that he showed exceptional remorse. Based on our review of the record, we do not find that the district court committed "a clear error of judgment by arriving at a sentence that [lay] outside the limited range

of choice dictated by the facts of the case." *See Haack*, 403 F.3d at 1004. Indeed, we presume this sentence is reasonable because it is within the properly calculated advisory guidelines range. *See Rita*, 127 S. Ct. at 2462. Therefore, we find the district court did not abuse its discretion in sentencing Jimenez to 37 months' imprisonment.

Accordingly, we affirm the sentence.

_____