# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1366

_____

United States of America

*Plaintiff - Appellee*

v.

David James Cook

*Defendant - Appellant*

_____

No. 12-1691

_____

United States of America

*Plaintiff - Appellee*

v.

David James Cook

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: October 15, 2012
Filed: October 26, 2012
_____

RILEY, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.
_____

RILEY, Chief Judge.

David James Cook pled guilty, in separate proceedings, to (1) conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846 (drug charge); and (2) assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153(a) (assault charge). The district court,[1] in proceedings before two different judges, sentenced Cook to 165 months imprisonment for the drug charge and 120 months imprisonment for the assault charge to run concurrently with the sentence for the drug charge. Cook appeals both sentences. We affirm.

I. BACKGROUND

A. Factual Background

On January 27, 2011, law enforcement officers, executing a search warrant at Cook's home on the Red Lake Indian Reservation, discovered oxycodone pills. Cook identified Joe Williams as his supplier, and later that day, participated in a controlled purchase of oxycodone from Williams using law enforcement funds. Cook kept some of the pills rather than turning them over to the officers. Williams was arrested and subsequently cooperated with law enforcement.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, presided over the drug charge proceedings. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, presided over the assault charge proceedings.

In May 2011, during a night of drinking alcohol with his girlfriend, M.G., Cook banged M.G.'s head against the hood of a car, fracturing her nose and cheek bone. In June 2011, M.G. obtained a Red Lake Tribal Court Order for Protection against Cook.

## B. Procedural History

Separate indictments charged Cook with the drug charge and the assault charge on July 19, 2011.

### 1. Drug Charge

On October 13, 2011, Cook pled guilty, without a plea agreement, to the drug charge. The Presentence Investigation Report (PSR) recommended increasing Cook's offense level based on his career offender status. Cook's extensive, often violent, criminal record resulted in 22 criminal history points and a criminal history category of VI. The PSR calculated an advisory United States Sentencing Guidelines (Guidelines or U.S.S.G.) range of 151 to 188 months imprisonment.

At sentencing on January 31, 2012, the district court adopted, without objection, the factual findings and Guidelines recommendations in the PSR. The district court denied Cook's request for a downward variance, sentencing Cook to 165 months imprisonment. The district court acknowledged Cook participated in the controlled purchase, but found Cook "undid [his] chances for a cooperation agreement or [U.S.S.G. § 5K1.1] motion from the government when [he] went ahead and stole some of the undercover drugs," explaining the theft showed Cook had not "turned over a new leaf." The district court then addressed the assault charge, saying Cook "could have been putting good credits in [his] column, but [Cook] went ahead and committed that assault and also sold drugs."

The district court next discussed Cook's "extraordinary" and violent criminal record "to figure out what sort of sentence is sufficient to protect the public," noting "the past is an indication" of future behavior. The court said it would "ignore" the

assault charge, "except that it's probably inconsistent with accepting responsibility, and it seems to have contributed to the government's . . . unwillingness . . . to make a motion for a downward departure."

### 2.    Assault Charge

Cook pled guilty to the assault charge on November 14, 2011, pursuant to a written plea agreement. The government agreed to recommend reducing Cook's offense level for acceptance of responsibility according to U.S.S.G. § 3E.1.1(a), provided Cook met certain conditions. The plea agreement stipulated to an advisory Guidelines range of 84 to 105 months imprisonment, to run concurrently with Cook's sentence for the drug charge. The agreement stated the only sentencing stipulation binding on the district court if it accepted the plea was that Cook's sentences run concurrently. See Fed. R. Crim. P. 11(c)(1)(C) (concerning when plea agreement provisions bind the sentencing court).

On November 30, 2011, Cook sent M.G. a letter saying Cook and M.G. needed to make an "agreement" and outlining the evidence implicating M.G. in the drug case. This letter violated the tribal court order for protection.

The sole issue at sentencing was whether Cook was entitled to a reduction for acceptance of responsibility. Cook admitted sending the letter in violation of the protection order, but claimed the letter was not inconsistent with accepting responsibility. Because the district court found Cook violated the protection order, the district court declined to reduce Cook's sentence and imposed a within-Guidelines statutory maximum sentence of 120 months imprisonment, to run concurrently with Cook's sentence for the drug charge. After losing his argument for an acceptance of responsibility reduction, Cook did not object to these decisions.

Cook appeals both sentences.

## II. DISCUSSION

### A. Drug Charge

Cook claims his 165-month sentence for the drug charge was substantively unreasonable and "deprived [him] of due process and fundamental fairness at sentencing." Cook does not explain or provide any authority or substantive arguments to show how any alleged errors violate due process. We therefore limit our discussion to whether Cook's sentence is substantively unreasonable as challenged. See United States v. Stanko, 491 F.3d 408, 415 (8th Cir. 2007) (citing Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004), and "noting that claims not meaningfully argued in the opening brief are waived").

We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Struzik, 572 F.3d 484, 487 (8th Cir. 2009). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007). "[W]e treat [Cook's] within-Guidelines sentence as presumptively reasonable." Struzik, 572 F.3d at 488.

Cook contends the district court abused its discretion by (1) denying Cook's request for a downward variance based on Cook's acceptance of responsibility;[2] (2) "erroneously rel[ying] upon 'post offense' conduct to impose a stiffer sentence"; (3) impermissibly double-counting Cook's criminal history; and (4) creating an unwarranted disparity between Cook's sentence and Williams' sentence of probation for conspiracy to possess with intent to distribute oxycodone.

---

[2]Cook does not challenge the government's refusal to file a U.S.S.G. § 5K1.1 motion. The district court has no authority on its own to grant a § 5K1.1 downward departure for cooperation without a motion by the government. See 18 U.S.C. § 3553(e); United States v. Kelley, 956 F.2d 748, 757 (8th Cir. 1992).

Cook claims the district court erred in finding Cook's cooperation was negated by his stealing some of the pills he bought in the government-controlled purchase because (1) the government knew of the theft when Cook pled guilty and was willing at that time to move for a downward departure under U.S.S.G. § 5K1.1; and (2) the government's benefit from Cook's cooperation outweighed Cook's misconduct. The district court did not abuse its discretion in finding Cook was not entitled to a downward variance because he had not "turned over a new leaf." See 18 U.S.C. § 3553(a)(1) (directing a sentencing court to consider a defendant's "history and characteristics"). Cook's suggestion the district court may consider only those § 3553(a) factors advanced by the government is without merit. The district court has wide discretion in weighing a defendant's cooperation against any misconduct by the defendant. We perceive no abuse of that wide discretion here.

Cook next argues the district court erred in denying a variance based on the assault charge because the assault was not related to the drug charge and "occurred months later," when Cook "was not in any relationship with the government." "[C]ontinued criminal conduct, even if minor and unrelated to the offense of conviction, can make a sentence reduction for acceptance of responsibility inappropriate." United States v. Ngo, 132 F.3d 1231, 1233 (8th Cir. 1997). The district court did not abuse its discretion in considering this assault charge.

Cook also contends the district "court's emphasis on [Cook's] extensive criminal history" impermissibly double-counted that history because the district court already used Cook's criminal history to increase Cook's offense level based on his career offender status. We review this issue for plain error because Cook did not raise it below. See United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc). Even if the district court double-counted Cook's criminal history, doing so was permissible because (1) "a court may consider a defendant's criminal history [under § 3553(a)] even if that history is included in the defendant's criminal history

category," United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009); and (2) the career offender provision and the district court's use of Cook's criminal history to figure out what sort of sentence is sufficient to protect the public from Cook in the future concern conceptually separate notions related to sentencing. See U.S.S.G. § 1B1.1 (directing the sentencing court to consider the § 3553(a) factors after calculating the Guidelines range); see also 18 U.S.C. § 3553(a)(1), (a)(2)(C) (instructing the sentencing court to consider the defendant's "history and characteristics" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"); U.S.S.G. § 4B1.1 (increasing the offense level for career offenders). The district court did not err in denying a downward variance based, in part, on Cook's violent and extensive criminal history.

Finally, Cook claims the district court "[c]reated an unwarranted and unjustified disparity between Williams' probationary sentence and Cook's mid-range sentence of 165 months." Williams, with a criminal history category of I, pled guilty to conspiracy to possess with intent to distribute oxycodone. The district court granted the government's motion to reduce Williams' sentence for acceptance of responsibility pursuant to U.S.S.G. § 5K1.1 and then sentenced Williams to probation.

A district court does not abuse its discretion in sentencing co-defendants differently "when there are 'legitimate differences' between" them. United States v. Davis-Bey, 605 F.3d 479, 483 (8th Cir. 2010) (quoting Watson, 480 F.3d at 1178). The difference between Cook's category VI criminal history and status as a career offender and Williams' category I criminal history, as well as the government's motion in Williams' case for a downward departure pursuant to U.S.S.G. § 5K1.1, are legitimate differences.[3] Cf. id. ("A criminal history difference of twenty-one points

_____

[3]The district court explained Cook's sentence exceeded Williams' sentence because Williams "did not have the [criminal] record [Cook] did," had a lower advisory Guidelines range, and received a downward departure pursuant to U.S.S.G. § 5K1.1, summarizing, "it's apples and oranges."

-7-

is a 'legitimate distinction.'" (quoting Watson, 480 F.3d at 1178)); Watson, 480 F.3d at 1178 (concluding a departure under U.S.S.G. § 5K1.1 is a legitimate distinction). The district court did not abuse its discretion in sentencing Cook and Williams so differently.

Cook's sentence for the drug charge is not substantively unreasonable.

### B.     Assault Charge

Cook argues the district court procedurally erred in sentencing him to 120 months imprisonment on the assault charge because (1) Cook's plea agreement required the district court to sentence Cook to between 84 and 105 months imprisonment; or alternatively, (2) the district court should have reduced Cook's sentence for acceptance of responsibility. We review these arguments for plain error because Cook did not raise them in the district court. See United States v. Molnar, 590 F.3d 912, 914 (8th Cir. 2010).

Even if we assume the district court plainly erred, we affirm because any error did not affect Cook's substantial rights. See id. at 915 (explaining the standard of review); cf. United States v. Olunloyo, 10 F.3d 578, 581 (8th Cir. 1993) (deciding an alleged sentencing error did not prejudice a defendant subject to a longer, concurrent sentence).

## III.   CONCLUSION

Because the district court did not abuse its discretion or otherwise err, we affirm Cook's sentences.

_____