# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1314

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Kwamena Benson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 27, 2012
Filed: January 10, 2013
[Unpublished]

_____

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In 2009, a jury found Marcus Kwamena Benson guilty of bank-fraud conspiracy, in violation of 18 U.S.C. § 1349; nine counts of bank fraud, in violation of 18 U.S.C. §§ 1344 & 2; three counts of access-device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2; ten counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2; possession of document-making implements, in violation of

18 U.S.C. § 1028(a)(5); possession of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). In 2012, the district court[1] sentenced Benson (who had absconded after the verdict and was arrested in Ghana about two years later) to a total of 144 months in prison and 5 years of supervised release, and ordered restitution of $264,857.14, a portion of which was imposed jointly and severally with others. On appeal, Benson's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the prison term as unreasonable.

Following careful review, we conclude that the district court did not commit significant procedural error or abuse its discretion, and that the sentence was not substantively unreasonable. See United States v. David, 682 F.3d 1074, 1076-77 (8th Cir. 2012) (standard of review). The district court sentenced Benson to 120 months in prison on most of the counts--a term within the Guidelines range of 108-135 months--and imposed a statutorily required consecutive 2-year term for the aggravated-identity-theft counts. See 18 U.S.C. § 1028A(a); United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012) (treating within-Guidelines-range sentence as presumptively reasonable on appeal).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.