**UNITED STATES of America, Plaintiff–Appellee**

v.

**Naibeye KOUMBAIRIA, Defendant–Appellant.**

No. 10–3016.

United States Court of Appeals, District of Columbia Circuit.

Feb. 1, 2013.

Roy W. McLeese, III, Esquire, Assistant U.S., U.S. Attorney's Office, Washington, DC, for Plaintiff–Appellee.

Mary E. Davis, Davis & Davis, Washington, DC, for Defendant–Appellant.

Before: SENTELLE, Chief Judge, TATEL, Circuit Judge, and WILLIAMS, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**2**

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed for the reasons stated in the attached memorandum.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See Fed R.App. P. 41(b); D.C.Cir. R. 41.

### *MEMORANDUM*

In 2007, appellant Naibeye Koumbairia was found guilty of unlawful possession of a firearm and ammunition by a convicted felon under 18 U.S.C. § 922(g)(1). On July 17, 2008, one day after he had finished serving his sentence for that conviction, Koumbairia was indicted on 16 fraud charges based on his participation in a counterfeit check conspiracy, to which he later pleaded guilty. At the presentencing hearing, several witnesses testified that they observed Koumbairia with a gun at various times and places during the course of the conspiracy. Also, a Secret Service Agent testified that he had recovered a gun from Koumbairia's house when executing a search warrant obtained during the counterfeit check investigation on March 6, 2007, a discovery that had formed the basis for the 2007 conviction.

At the presentencing and sentencing hearings, the district court calculated that Koumbairia's base offense level was 7. The court made several additions to Koumbairia's offense level: 16 levels based on a loss amount greater than $1 million, 2 levels for possessing a gun during the course of the conspiracy, and 4 levels for serving as a leader in the conspiracy. The court also subtracted 2 levels for acceptance of responsibility, resulting in a total offense level of 27. The court calculated

Koumbairia's criminal history category as III, based in part on his prior gun possession sentence. Given these calculations, the district court determined the applicable guidelines range as 87 to 108 months of imprisonment. The court sentenced Koumbairia to 100 months on each count, to run concurrently.

Koumbairia appeals, offering three arguments. First, he argues that the district court improperly double-counted his gun possession as part of his criminal history and as part of his offense level. Second, he asserts that the court abused its discretion by refusing to deviate downward because of a supposed unwarranted sentencing disparity. Third, he contends that the government's pre-indictment delay violated his due process rights.

■ On the first issue, we review the district court's decision for plain error because the appellant's trial counsel failed to timely object to the district court's criminal history calculation. *See United States v. Simpson,* 430 F.3d 1177, 1183 (D.C.Cir. 2005); Fed.R.Crim.P. 52(b). For purposes of computing criminal history based on prior sentences, the Sentencing Guidelines provide that "[t]he term 'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Conduct is considered "part of the instant offense," or "relevant conduct," *id.* § 4A1.2 app. n. 1, if it "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1 B1.3(a)(1)(B). It is true that the fraud indictment charged that on March 6, 2007, Koumbairia possessed a gun as part of the conspiracy, which was the possession that formed the basis for his gun possession

conviction. But in enhancing Koumbairia's offense level for possessing a gun in the course of the conspiracy, the district court disclaimed reliance on the March 6 possession and instead relied on separate instances of Koumbairia's use of the gun during the conspiracy. The court explained that the prior sentence based on the March 6 possession was "not a consideration of using a gun in any way in connection with this bank fraud." Public Appendix 184. Thus, the prior sentence was imposed for conduct not relevant to the fraud offense. We discern no "clear" or "obvious" error in this conclusion. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

█ On the second issue, we review the sentence for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In imposing a sentence, the court must consider, among other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Koumbairia asserts that the court abused its discretion by refusing to give him a downward departure based on his serving a prior sentence even though the court gave one co-defendant a reduction on this ground. We disagree. Because the district court found that Koumbairia was the leader of the fraud scheme, Koumbairia was not similarly situated to his co-defendant. Therefore, the district court did not abuse its discretion in refusing to give Koumbairia a downward departure.

█ On the third and final issue, the alleged deprivation of due process rights, we hold that Koumbairia waived his constitutional claim regarding pre-indictment delay by entering a guilty plea. As the Supreme Court has held, "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Because Koumbairia's three arguments fail, we affirm the judgment of the district court.