# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1621
_____

United States of America

*Plaintiff - Appellee*

v.

Mustafa Ahmed Mohamed

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 16, 2015
Filed: December 14, 2015
[Unpublished]

_____

Before LOKEN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Mustafa Mohamed appeals from the sentence imposed by the District Court[1] after he pleaded guilty to being a felon in possession of ammunition and a firearm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

His counsel moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence was unreasonable. We denied counsel's withdrawal motion and ordered supplemental briefing addressing whether, in light of <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015) (holding that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague), the District Court committed error by applying a sentencing enhancement under the United States Sentencing Guidelines based on Mohamed's prior burglary convictions.

Upon reviewing the supplemental briefs, we conclude that the District Court did not commit procedural error. <u>See</u> <u>United States v. Stymiest</u>, 581 F.3d 759, 767 (8th Cir. 2009) (de novo review), <u>cert. denied</u>, 559 U.S. 1055 (2010). Specifically, the court properly enhanced Mohamed's sentence based on prior convictions for first degree burglary of a residence, Minn. Stat. § 609.582, subd. 1(c), and third degree burglary of a commercial building, Minn. Stat. § 609.582, subd. 3. <u>See</u> U.S.S.G. § 2K2.1(a)(2) & comment. (n.1) (stating that the Guidelines base offense level is 24 if the defendant committed the instant offense after sustaining two or more felony convictions of, inter alia, a crime of violence and cross-referencing U.S.S.G. § 4B1.2 (career-offender provision)). As to the first degree burglary conviction, burglary of a dwelling is specifically included in the language of the career-offender provision as a "crime of violence." <u>See</u> U.S.S.G. § 4B1.2(a)(2) (defining "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . is burglary of a dwelling"). Further, this Court has held that burglary of a commercial building qualifies as a crime of violence under the same provision, without relying on the residual clause. <u>See</u> <u>Stymiest</u>, 581 F.3d at 767, 769 (setting out alternative holdings that defendant's sentence was properly enhanced under § 4B1.2(a) because third-degree burglary of an unoccupied structure met the generic definition of burglary and "because the 'of a dwelling' limitation in § 4B1.2(a)(2) was invalidated by the Supreme Court's decision in <u>Taylor [v. United States</u>, 495 U.S. 575, 597 (1990)]"); <u>United States v. Bell</u>, 445 F.3d 1086, 1090 (8th Cir. 2006).

As to the contentions in counsel's <u>Anders</u> brief, we conclude that the within-Guidelines sentence was not substantively unreasonable. <u>See</u> <u>United States v. Salazar-Aleman</u>, 741 F.3d 878, 881 (8th Cir. 2013) (noting that a district court abuses its discretion and imposes a substantively unreasonable sentence if the court fails to consider a relevant factor, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing the relevant factors); <u>United States v. Cook</u>, 698 F.3d 667, 670 (8th Cir. 2012) (treating a within-Guidelines sentence as presumptively reasonable).

Accordingly, the judgment is affirmed. We deny as moot Mohamed's motion for new counsel.

_____