# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-2451

_____

United States of America

*Plaintiff - Appellee*

v.

Jeremy Bolden, also known as J.B.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: February 26, 2016
Filed: March 4, 2016
[Unpublished]

_____

Before LOKEN, MURPHY, and BYE, Circuit Judges.

_____

PER CURIAM.

Jeremy Bolden directly appeals the sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess with intent to distribute

_____

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

heroin, possessing with intent to distribute benzylpiperazine and methylenedioxymethamphetamine, and possessing a firearm in furtherance of a drug-trafficking crime. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court abused its discretion by denying his motion for a downward departure under U.S.S.G. § 4A1.3(b)(1), or a downward variance based on the 18 U.S.C. § 3553(a) factors due to his criminal history being overstated. We lack authority to review the district court's denial of a downward departure because Bolden does not argue that the court had an unconstitutional motive or that the court failed to recognize its authority to depart downward. See United States v. Heath, 624 F.3d 884, 888 (8th Cir. 2010) (absent showing of unconstitutional motive, district court's refusal to grant § 4A1.3 downward departure is not reviewable on appeal so long as court was aware of authority to depart). We conclude that the court did not abuse its discretion in denying a downward variance, as nothing in the record indicated the within-Guidelines sentence was substantively unreasonable, and the court adequately explained its reasons for denying it. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (under substantive review, district court abuses its discretion if it fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing factors); United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012) (treating within-Guidelines sentence as presumptively reasonable on appeal); United States v. Gonzalez, 573 F.3d 600, 608 (8th Cir. 2009) (upholding denial of downward variance where court considered sentencing factors and properly explained rationale). We have reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues for appeal.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____