# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1766

_____

United States of America

*Plaintiff - Appellee*

v.

Thurman L. Wade, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 12, 2016
Filed: March 21, 2017
[Unpublished]

_____

Before RILEY, Chief Judge,[1] WOLLMAN and SMITH, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

Thurman Wade was sentenced to 151 months' imprisonment followed by two years of supervised release for bank robbery. While on supervised release, Wade violated a special condition of the release. At his revocation hearing and in his sentencing memorandum, Wade asked the district court[2] to consider the duration of his initial imprisonment as a mitigating factor in determining his punishment for violating the special condition. Wade argued that he served a "phenomenally longer period of time" for his original sentence (151 months) than he would have served under current law (46–57 months) because his criminal history category would be lower under current law. Therefore, Wade asked the district court to "exercise its discretion in light of the unjustly overlong sentence he had served and allow him to restart his supervised release" rather than imposing a sentence within the Guidelines range of 8–14 months' imprisonment.

The district court sentenced Wade to eight months' imprisonment, to be followed by two years of supervised release. The court noted that it "considered the guideline range as well as all the factors of Section 3553(a), defense counsel's memorandum on disposition of supervised release violation, and the statements of defense counsel and the Government and the Defendant."

Wade appeals, arguing that remand is appropriate because the district court was unaware of its power to consider the duration of Wade's imprisonment as a mitigating factor. We affirm.

## I. *Discussion*

"We review the district court's application of the Guidelines de novo and its factual findings for clear error. We review the ultimate sentence for reasonableness, which is akin to the abuse-of-discretion standard. A sentence within the Guidelines

---

[2]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

range is presumptively reasonable." *United States v. Watson*, 480 F.3d 1175, 1176–77 (8th Cir. 2007) (citations omitted).

Wade argues that the district court erred by declining to exercise its discretion to consider the duration of his initial imprisonment as a mitigating factor in determining his revocation sentence. "When a district court does not consider an argument because it is unaware of its power to do so, . . . a remand is appropriate." *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). However, "when a district court is aware of its discretion to depart downward and elects not to exercise this discretion, then that decision is unreviewable." *Watson*, 480 F.3d at 1177.

Wade identifies no evidence indicating that the district court was unaware of its power to consider Wade's argument. To the contrary, the record shows that not only was the district court aware of its power to consider Wade's argument, but also that the district court *did consider* the argument. The district court expressly stated that it "considered the guideline range as well as all the factors of Section 3553(a), *defense counsel's memorandum on disposition of supervised release violation*, and the *statements of defense counsel* and the Government *and the Defendant*." (Emphasis added.)

Thus, the court considered Wade's proposed mitigating factors and, nonetheless, imposed a sentence that it believed to be sufficient but not greater than necessary "[b]ased upon the nature of the violations." We discern no error. *See Watson*, 480 F.3d at 1177; *Roberson*, 517 F.3d at 995.

## II. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____