# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2846

_____

United States of America

*Plaintiff - Appellee*

v.

Deangelo Tarryl Grant

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: September 24, 2018
Filed: October 12, 2018
[Unpublished]

_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Deangelo Tarryl Grant pleaded guilty to being a felon in possession of a firearm that he threw from the window of his car while attempting to flee a traffic

stop. The district court[1] determined that Grant's advisory guidelines sentencing range was 70 to 87 months' imprisonment. Explaining its "obligation to impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing" under 18 U.S.C. § 3553, the court imposed a 99-month sentence. Grant appeals, arguing the sentence is substantively unreasonable. We affirm.

Grant argues the district court abused its discretion in varying upward because it gave undue weight to Grant's offense conduct and extensive criminal history -- factors already considered in determining the advisory guidelines range -- and did not consider his family history of drug and alcohol abuse and the lack of prior violent felony convictions. As we have repeatedly stated, "a court may vary upward based on criminal history even though that history has already been accounted for in the Guidelines." United States v. Barrett, 552 F.3d 724, 727 (8th Cir. 2009) (citation omitted); see United States v. Cook, 698 F.3d 667, 671 (8th Cir. 2012). The district court articulated many reasons why an upward variance of twelve months was warranted -- the "irresponsible, reckless, and dangerous" nature of Grant's attempt to flee police and discard his weapon, his lengthy criminal history, and the court's determination that his conduct "present[ed] a danger to the public." After careful review of the sentencing record, we conclude this is not the "unusual case when we reverse a district court sentence -- whether within, above, or below the applicable Guidelines range -- as substantively unreasonable." United States v. Feemster, 572 F.3d 455, 464 (8th Cir. 2009) (en banc). The district court did not abuse its "substantial sentencing discretion." United States v. Abrica-Sanchez, 808 F.3d 330, 335 (8th Cir. 2015).

The judgment of the district court is affirmed.

_____

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.