# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2454

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey S. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 24, 2018
Filed: October 26, 2018
[Unpublished]

_____

Before WOLLMAN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Jeffrey S. Williams pled guilty to one count of mailing threatening communications, in violation of 18 U.S.C. § 876(c). The district court[1] granted the

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

government's motion for an upward variance and sentenced Williams to the statutory maximum of 120 months. Williams appeals, asserting that his sentence is substantively unreasonable. We affirm.

## I. Background

On February 22, 2015, while incarcerated in an Arkansas prison for robbery and theft convictions, Williams mailed a threatening letter to Chief Judge Brian S. Miller of the Eastern District of Arkansas.[2] In the letter, Williams announced that upon his release from prison he intended to get a gun, wait for Judge Miller to come out of the courthouse, and shoot him in the head. According to the letter, once Williams had dispatched Judge Miller, he intended to sodomize the corpse, chop it into pieces, and mail one piece of the corpse to the courthouse each week. After all the pieces were sent, Williams would blow up the courthouse. Williams also told Judge Miller to sleep with one eye open, called him a piece of "dog shit," advised him to make peace with his god because he was going to die, and warned him to get ready to rot in hell.

The FBI opened an investigation, and on March 5, 2015, Williams admitted that he wrote the letter because he was angry that the judge sentenced his brother to federal prison. He said that he was not playing and that if his brother were sent to prison, he meant everything he wrote in the letter. A second interview took place on March 19, 2015, and Williams again stated that he meant what he said in the letter. Specifically, Williams told the FBI, "I hope they keep me locked up because if not there likely to be some shit when I get out."

---

[2]Williams has a history of mailing threatening letters. In 2013, he sent a letter to the Federal Bureau of Investigation stating that he would blow up the FBI headquarters and kill the president. No charges were filed because the FBI and Secret Service determined he was joking.

Williams pled guilty to one count of mailing threatening communications. At sentencing, the district court adopted the Presentence Investigation Report and found that according to the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"), the total offense level was 15 and Williams was in criminal history category VI, which resulted in an advisory Guidelines range of 41 to 51 months' imprisonment. The statutory maximum sentence was ten years. The government moved for an upward variance based on the particularly gruesome and violent nature of the threats in the letter and Williams's continued incorrigible behavior while incarcerated. The district court granted the motion and sentenced Williams to a term of 120 months' imprisonment to run consecutive to Williams's 240-month state sentence. The court also imposed a term of three years of supervised release on standard and special conditions.

> In explaining the sentence, the district judge began:

> The statutory maximum sentence and upward variance in this case is given to reflect the conduct that I want to go over because it's particularly egregious. While initially Mr. Williams had sent a letter to the FBI indicating that he wanted to blow up and kill the president, charges were not filed because he said he was joking, but on this second attempt, I think it's noteworthy to read paragraphs 6 and 7 into the record.

After reading the paragraphs in the PSIR about the contents of the letter, the judge said, "It's based on these factors that I think it's appropriate to vary upward and sentence Mr. Williams to the high end of the statutory penalty."

## II.    Discussion

We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Bertucci, 794 F.3d 925, 927 (8th Cir. 2015) (citing Gall v. United

States, 552 U.S. 38, 51 (2007)).  "A sentencing court 'abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. King, 898 F.3d 797, 810 (8th Cir. 2018) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)).

Williams argues that the district court abused its discretion by varying upward from the Guidelines range based solely on the egregiousness of his conduct because the Sentencing Guidelines already account for that factor.  Williams is incorrect that the egregiousness of his conduct factored into the Guidelines range calculated by the court.  The six-level enhancement under U.S.S.G. §2A6.1(b)(1) for conduct evincing a defendant's intent to carry out the threat, which was not applied in this case, is unrelated to the particularly gruesome and violent nature of Williams's threats. Williams received a six-point enhancement under U.S.S.G. §3A1.2(b), but that enhancement was for the victim's status as a government officer or employee rather than for the egregious nature of the conduct.  The district court did not abuse its discretion by finding that the Guidelines did not fully account for the sentencing factors of 18 U.S.C. § 3553(a).

Williams next argues that the facts of this case do not support the extent of the upward variance.  When the district court concludes that a variance is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (quoting Gall, 552 U.S. at 50).  On review of the sentence imposed by the district court, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Id. at 461–62 (quoting Gall, 552 U.S. at 51).  In this case, the district court explained why the factors contained within 18 U.S.C. § 3553(a), when applied to the facts, warranted the

-4-

variance.  The threats made by Williams were particularly egregious, violent, and gruesome.  While other sentences may also have been reasonable, this is not one of the rare cases where we will reverse a sentence above the Guidelines range as substantively unreasonable.  Id. at 464  (citation omitted).

## III.    Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

———————————————