# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2133

_____

United States of America

*Plaintiff - Appellee*

v.

Miguel Fiscal, also known as Miguel Fiscal-Fiscal, also known as Miguel Fiscal-Gonzalez, also known as Alex Fiscal

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 19, 2019
Filed: May 16, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Miguel Fiscal, a citizen of Mexico, pleaded guilty to illegal reentry after being convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). His sentencing range under the U.S. Sentencing Guidelines (Guidelines) was 30 to 37 months' imprisonment and one to three years of supervised release. After considering

the sentencing factors set forth in 18 U.S.C. § 3553(a), the district court[1] imposed a sentence of 30 months' imprisonment and three years of supervised release. Fiscal argues that his sentence is not substantively reasonable.

We consider the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We may presume that sentences within the Guidelines range are reasonable. Id. "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Timberlake, 679 F.3d 1008, 1012 (8th Cir. 2012) (quoting United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007)).

Fiscal argues that the district court failed to give sufficient weight to his difficult childhood. The court was aware of Fiscal's upbringing because it was described in Fiscal's sentencing position memorandum and at the sentencing hearing. See id. (presuming that the district court had considered and rejected mitigating factors raised in the sentencing position memorandum and at the sentencing hearing). The court weighed Fiscal's mitigating factors against his lengthy criminal history, which included convictions of carrying a concealed weapon, driving while intoxicated, transporting aliens within the United States, committing three vehicle burglary offenses, and reentering the United States illegally after deportation, as well as being subject to pending charges of driving while intoxicated and providing a false name and date of birth to a police officer. After taking "into account the nature and circumstances of the instant offense, as well as the history and characteristics of the defendant," the court concluded "that the sentence imposed is sufficient, but not

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

greater than necessary, to afford adequate deterrence to future criminal conduct." We find no abuse of discretion in the district court's decision to impose a sentence at the bottom of the Guidelines range.

The judgment is affirmed.

_____