# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 24-2337

_____

United States of America

*Plaintiff - Appellee*

v.

Richard J. Berry

*Defendant - Appellant*

_____

## No. 24-2342

_____

United States of America

*Plaintiff - Appellee*

v.

Richard J. Berry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: October 20, 2025
Filed: April 3, 2026
[Unpublished]
_____

Before SMITH, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Richard Berry served 24 months' imprisonment for possessing child pornography. He then entered supervised release. Several of his release conditions limited his access to electronic devices and the internet. One such condition required him to submit himself and his residence to searches by a United States probation officer should the officer have reasonable suspicion. The condition also required Berry to "advise the probation office of all computer, electronic equipment, and web enabled equipment, including cell phones, to which he possesses or has access within 24 hours of obtaining same." R. Doc. 45, at 5.

Prior to his release, officers went to Berry's home to take inventory and review the space. Berry's domestic partner and his father also lived at the residence. The officers explained the conditions of Berry's release to them. Berry's partner appeared upset by the restrictions imposed by the conditions.

During a scheduled home visit, a probation officer noticed a sticky note with possible electronic passwords near a computer. Several months later, officers searched Berry's home and collected several suspicious items. Officers testified that they also saw several unrecognized devices that Berry might have had access to. They also noticed that Berry wore a smart watch. The officers suspected that these items had not been approved for Berry's use by the probation office. Berry's partner later testified the passwords near the computer were his, not Berry's.

Following the seizure, officers searched the devices found in Berry's home. The search uncovered images of child pornography. Berry was charged with receipt of child pornography in a new case. He filed a motion to suppress, arguing that there was no evidence that he himself had either possessed the seized devices or had access to them.

A magistrate judge recommended denying the motion to suppress. The district court[1] adopted the findings in the magistrate judge's report and recommendation as written and denied Berry's motion.

Berry pleaded guilty, reserving his right to appeal the denial of his suppression motion. The district court sentenced Berry to 120 months' imprisonment on the new case and 18 months' imprisonment for his supervised release violation.

This appeal followed. Berry argues that the district court erred in concluding that the probation officers had reasonable suspicion to initiate the search of his residence. He also argues that the district court improperly weighed the 18 U.S.C. § 3553(a) factors in the new case. For the reasons below, we affirm.

> The reasonableness of a search is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests. An individual's status as a probationer subject to a search condition informs both sides of that balance. Probation, like incarceration, is a form of criminal sanction imposed by a court upon an offender after verdict, finding, or plea of guilty.

*United States v. Makeeff*, 820 F.3d 995, 1000 (8th Cir. 2016) (citation modified). Because "probationers do not enjoy the absolute liberty to which every citizen is entitled . . . . a court granting probation may impose reasonable conditions that

---

[1]Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

deprive the offender of some freedoms enjoyed by law-abiding citizens." *Id.* (citation modified). We presume "that the probationer is more likely than the ordinary citizen to violate the law." *Id.* (citation modified).

On this record, we conclude that reasonable suspicion supported the probation officers' seizure of the electronic devices from Berry's residence. Berry's release conditions required that he notify the probation officers of electronic devices and that he be subject to search if needed. Berry argues that the conditions only prohibited him from "possess[ing]" or "access[ing]" computers and other electronic devices. Consequently, he had no duty to report all electronic devices, only those which he possessed or accessed.

Berry lived in a home with two other people. These individuals knew his supervised release conditions. Officers saw passwords around a computer. Berry had not been granted permission to access or possess that computer. The probation officers had reasonable suspicion that Berry had used the passwords to access the electronic devices in the home. *See Makeeff*, 820 F.3d at 1002.

The district court highlighted that the devices had not been reported to the probation office. We agree with the district court's analysis. Whether Berry had access to or possessed these devices is not dispositive. Failure to report the devices to probation also violated his release conditions. This supplied the officers with reasonable suspicion to warrant a search. *See id.* In *Makeeff*, we found that a single USB drive constituted reasonable suspicion. *See id.* Here, the officer noticed that Berry was wearing a smart watch; this alone, as in *Makeeff*, was sufficient to give reasonable suspicion.

We also affirm Berry's sentence. We review the sentence imposed by the district court for an abuse of discretion. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the

appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Watson*, 480 F.3d 1175, 1177 (8th Cir. 2007). The district court did not abuse its discretion when weighing the statutory factors.

Here, the district court explicitly invoked § 3553(a). The district court emphasized the seriousness of Berry's crimes. The record supports the court's reasoning. Berry identifies no factor which ought to have been weighed but was not, nor one that was weighed excessively.

Accordingly, we affirm the district court's denial of the motion to suppress and Berry's sentence.

_____