# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1498

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Herbert Lee Coleman, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 18, 2010
Filed: March 30, 2011

_____

Before SMITH, COLLOTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Herbert Lee Coleman appeals from his sentence of 170 months imprisonment imposed after his conviction for conspiracy to distribute heroin and distribution of heroin. See 21 U.S.C. §§ 841, 846. Coleman contends the district court[1] procedurally erred and imposed an unreasonable sentence. We affirm.

Coleman pled guilty. At his sentencing hearing, the district court calculated a base offense level of 26 and a criminal history category of III. The district court applied the career offender enhancements contained in the United States Sentencing

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

Guidelines section 4B1.1 and increased Coleman's offense level to 32 and his criminal history category to VI. The district court subtracted three offense levels for acceptance of responsibility. With an offense level of 29 and a criminal history category of VI, Coleman's Guidelines range was 151 to 188 months imprisonment. The district court sentenced Coleman to 170 months imprisonment.

Coleman argues that the district court erred by treating Coleman's state misdemeanor conviction that was punishable by imprisonment for less than two years as a qualifying felony under the career offender Sentencing Guidelines. Acknowledging that the district court correctly applied the definition of "prior felony conviction" contained in section 4B1.2 of the Sentencing Guidelines, Coleman contends the Sentencing Commission exceeded its statutory mandate in section 4B1.2 by not using the definition for qualifying "violent felony" convictions from the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B).[2] According to Coleman, if the Sentencing Commission had given "prior felony conviction" the definition of "violent felony" from the ACCA, his misdemeanor conviction is not a qualifying felony because "violent felony" only includes state misdemeanor convictions punishable by imprisonment for more than two years. We review the district court's application of the Sentencing Guidelines de novo. United States v. Daniels, 625 F.3d 529, 534 (8th Cir. 2010).

We conclude that the Sentencing Commission acted well within its statutory authority in defining "prior felony conviction" for purposes of the career offender Guidelines differently than "violent felony" under the ACCA. Congress directed the

---

[2] Coleman professes to challenge the career offender Guidelines definition of felony on substantive reasonableness grounds. Because Coleman effectively argues that the district court incorrectly applied the career offender Guidelines range, we construe his argument as one of procedural error. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (describing how procedural error includes improper application of the Guidelines).

Sentencing Commission to set higher Guidelines ranges for certain felony recidivists, 28 U.S.C. § 994(h), but did not specify how the Commission should define "felony." Accordingly, the Commission was free to define "prior felony conviction" for purposes of the career offender Guidelines as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year." United States Sentencing Commission, Guidelines Manual, §4B1.2, comment. (n.1). Although Coleman is right that the definitions of certain terms in section 4B1.2 and the Armed Career Criminal Act are used interchangeably, United States v. Craig, 630 F.3d 717, 723 (8th Cir. 2011), there is no basis for concluding that the statutory definitions from the ACCA somehow limit the Sentencing Commission's statutory authority under section 994(h), United States v. Ross, 613 F.3d 805, 809-10 (8th Cir. 2010) (recognizing distinctions between the definitions in §4B1.1 and § 924(e)). Thus, because the district court correctly applied the definition of a prior felony conviction from section 4B1.2, it properly determined that Coleman should be sentenced as a career offender.

Coleman also argues that no presumption of reasonableness applies to a sentence imposed under the career offender Guidelines and that his sentence was substantively unreasonable. Coleman reasons that without the presumption, the district court abused its discretion in not varying downward based on his minor convictions and the lack of empirical evidence supporting an enhanced sentence for career offenders. We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "Where, as here, the sentence imposed is within the advisory guideline range, we accord it a presumption of reasonableness." United States v. Bauer, 626 F.3d 1004, 1010 (8th Cir. 2010).

Coleman complains that the applicable Sentencing Guideline, U.S.S.G. §4B1.1, should not be accorded a presumption of reasonableness because it is the product of congressional direction in the Sentencing Reform Act, 28 U.S.C. § 994(h), not the

Sentencing Commission's application of empirical data and national experience. We apply a presumption of reasonableness to a within-Guidelines-range sentence because it "recognizes the real-world circumstance that when the judge's discretionary decision accords with the Commission's view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable." Rita v. United States, 551 U.S. 338, 350-51 (2007). We have extended this logic to Guideline sections that are "the product of congressional direction rather than the empirical approach described by Rita" because "where a sentencing judge agrees with Congress, then the resulting sentence is also probably within the range of reasonableness." United States v. Kiderlen, 569 F.3d 358, 369 (8th Cir. 2009) (discussing U.S.S.G. §2G2.2).

Although the presumption of reasonableness applies, even without it we easily conclude that the district court selected a reasonable sentence. In selecting Coleman's sentence, the district court explained that it had considered all of the factors in section 3553(a), cited Coleman's complete lack of gainful employment, and took note of Coleman's cooperation upon arrest. The district court disagreed with Coleman's description of his criminal history as minor and instead characterized it as extensive and justifying the career offender enhancement. The district court found that a substantial sentence was necessary to afford adequate deterrence, to protect the public, to avoid unwarranted sentencing disparities, and to further the congressional intent of severely sentencing career offenders. It concluded, "[T]he Guideline sentencing system adequately addresses the circumstances of this defendant and the sentencing range is reasonable." The district court permissibly exercised its discretion to select a sentence in the middle of the advisory Guidelines range.

Finally, Coleman's argument that the career offender Guidelines are unsupported by empirical evidence is not an issue of substantive reasonableness and not properly made to this court. United States v. Talamantes, 620 F.3d 901, 902 (8th Cir. 2010). To the extent the district court could have varied from the career offender

Guidelines based on a policy disagreement, <u>Spears v. United States</u>, 129 S. Ct. 840, 843-44 (2009), it was not required to do so, <u>Talamantes</u>, 620 F.3d at 902.

Accordingly, we affirm the judgment of the district court.

_____