[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11030

————————————————

D.C. Docket No. 6:12-cr-00012-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWOINE MAURICE ALLEN,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(December 31, 2013)

Before CARNES, Chief Judge, HULL and GARZA,[*] Circuit Judges.

PER CURIAM:

———————————

[*] Honorable Emilio M. Garza, United States Circuit Judge for the Fifth Circuit, sitting by designation.

Antwoine Maurice Allen appeals his 120-month sentence, imposed after he pleaded guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Allen contends that the district court's 33-month upward variance from his guidelines range, which was 70 to 87 months, is substantively unreasonable. The statutory maximum sentence for Allen's offense of conviction is 240 months. See id. § 841(b)(1)(C).

Allen argues that the district court's consideration of his prior robbery conviction improperly focused on the violent conduct of two other men who, while Allen served as a lookout, robbed and attempted to rape a woman who was eight months pregnant. He also argues that the district court improperly based the upward variance on its disapproval of his tattoos and his sketchy record of employment.

We review a sentencing decision for reasonableness, applying a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007). That standard allows a range of choice for the district court, so long as its choice does not constitute a clear error of judgment. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). As we have explained, "the relevant question when reviewing for abuse of discretion is not whether we would have come to the same decision if deciding the issue in the first instance. The relevant inquiry, rather, is whether the district court's decision was tenable, or, we might

2

say, 'in the ballpark' of permissible outcomes." Id. (alterations and quotation marks omitted). While a district court's justification for varying from the guidelines range must be sufficiently compelling to support the degree of the variance, id. at 1186, there is no presumption that a sentence outside of the guidelines range is unreasonable, and we must give the district court's decision to impose it due deference. Gall, 552 U.S. at 51, 128 S.Ct. at 597. Allen, as the party challenging the sentence, bears the burden of showing that it is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.[1] See United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court provided several justifications for exercising its discretion to vary above the guidelines range in sentencing Allen. It focused primarily on his criminal history record and his history of violating the terms of probation (once) and parole (twice) that were imposed after an earlier conviction. Referring to the presentence investigation report, the facts of which were undisputed, the court

---

[1] The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need for deterrence; the need to protect the public; the need to provide the defendant with necessary educational or vocational training or medical care; the kinds of sentences available; the sentencing guidelines range; pertinent policy statements of the Sentencing Commission; the need to avoid unwanted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).

observed that Allen's "criminal history is most egregious."[2]  The court pointed out

that if Allen had been convicted of count 1 as charged in the indictment, his

mandatory minimum sentence would have been ten years imprisonment with a

maximum sentence of life.[3]  The court noted that Allen had been involved in prior

crimes of violence, that his parole had been revoked "on numerous occasions," and

that "each time it seemed as if any period of supervised release or probation

resulted in [Allen's] having violated that" accompanied by a judicial determination

that he was in violation.  Referring to Allen's plea agreement, the court concluded,

"He's lucky to get the deal that he's got."

In considering Allen's criminal history, the district court discussed Allen's

prior conviction for robbery.  The facts of it were that Allen, along with Alvin

Adkins and John Ferguson, followed a woman as she was driving to her

apartment.[4]  After she arrived and was walking toward the apartment, Adkins and

Ferguson approached her while Allen waited in the car for them to do it.  Adkins

held her at gunpoint and pushed her to the ground.  Her husband came out of the

apartment, and Adkins forced her and her husband into their apartment at gunpoint.

Adkins attempted to rape the woman, who was eight months pregnant, and then

---

[2] The parties did not object to the presentence investigation report, and the district court adopted the report's factual statements as its findings of fact.

[3] Count 1 charged Allen and two other men with conspiracy to possess with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.  That count and three others were dismissed as part of Allen's written plea agreement.

[4] Allen did not object to the facts of the robbery that were recounted in the PSR.

4

forced her to perform oral sex on him before leaving the apartment and stealing the woman's car. Allen followed, driving the vehicle that had been used to get the assailants to the scene of the crime.

Contrary to Allen's argument, the sentence hearing transcript clearly shows that the district court recognized it was Adkins and Ferguson, and not Allen himself, who actually committed the acts of violence. The court did not abuse its discretion in considering the nature of the crime and Allen's role in it.

As for Allen's tattoos, the district court noted some of the things that Allen had chosen to have inked on his body: "'Death.' Skulls with 'B' and '4' in the eyes, 'dishonor' and 'bonded by loyalty,' with a gun on his left arm, 'baby boy' on his right wrist and 'sex, money, murda,' and a depiction of a gun on his right biceps."[5] The court referred to the tattoos as a "badge of honor" for a person who is unlikely to be deterred from crime except by imprisonment. In the same discussion, the court also commented that Allen was "a dangerous person," who had "been before the criminal justice system" but had "never been dealt with adequately."

---

[5] The PSR described all of Allen's tattoos as follows:

"Death," skulls with "B" and "4" in the eyes, "Dishonor," and "Bonded by Loyalty" with a gun on his left arm; "Renee" and "Myriah" in a scroll on his right forearm; "Tyiamna" and "Baby Boy" on his right wrist; and "Sex Money Murda" and a depiction of a gun on his right biceps."

5

Defense counsel asserted to the district court, without any evidence to support his assertion, that Allen had gotten "most" of his tattoos — he did not specify which ones — when he was seventeen years old, and he argued that "a lot of 17-year-olds do that." In his brief to this Court, Allen asserts without citation to any authority that the sentencing guidelines "do not allow for an upward variance over tattoos." If the district court had based the upward variance solely on Allen's tattoos, he would have a better argument. The record reveals, however, that the district court considered a lot more than Allen's tattoos. In fact, the court's primary focus was on Allen's criminal history and his history of repeatedly violating terms of release from custody. If consideration of the nature or content of some of the tattoos did factor into the district court's sentencing determination, it was as part of the history and characteristics of the defendant. See 18 U.S.C. § 3553(a)(1); cf. United States v. Hernandez-Villanueva, 473 F.3d 118, 121, 123 (4th Cir. 2007) (upholding a sentence as substantively reasonable when the district court considered, among other things, the defendant's tattoos, which evidenced gang affiliation). Two tattoos of guns, one of which was accompanied with the words "sex, money, murda," suggested to the district court that Allen might return to his criminal past, which included a robbery in which one of the victims was sexually assaulted.

The district court also considered Allen's sporadic work history. Like the tattoos, his employment record is part of his history and characteristics, which the district court properly factored into its § 3553(a) analysis. See 18 U.S.C. § 3553(a)(1), (a)(2)(D); United States v. Coleman, 635 F.3d 380, 383 (8th Cir. 2011) (upholding a sentence as substantively reasonable when the district court considered, among other things, the defendant's "complete lack of gainful employment"). Also like the tattoos, Allen's work history was not the only thing that the district court considered when making its sentencing determination.

When sentencing Allen, the district court stated that it had considered the § 3553(a) factors and reiterated that its justifications for an upward variance were "a horrendous criminal record, numerous revocations for failure to live within the terms of probation and the state [criminal] record, [and] a very checkered history about any employment." The court then varied upward from the top of the guidelines range by 33 months, sentencing Allen to 120 months imprisonment, which is only half of the 240-month statutory maximum sentence it could have imposed. The district court's justifications were sufficiently compelling to support the extent of the upward variance. There was no abuse of discretion.

**AFFIRMED.**[6]

---

[6] This appeal was originally scheduled for oral argument but was removed from the oral argument calendar by unanimous agreement of the panel under 11th Cir. R. 34-3(f).