# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1744

_____

United States of America

*Plaintiff - Appellee*

v.

Ray Charles Conway

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: February 29, 2016
Filed: March 15, 2016
[Unpublished]

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ray Conway pleaded guilty to three counts of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(C), and 860(a).  The district court[1] sentenced Conway to 188 months' imprisonment, the bottom of the advisory sentencing range set forth in the U.S. Sentencing Guidelines Manual (Guidelines).  Conway appeals, arguing that the sentence imposed is substantively unreasonable.  We affirm.

On three occasions from March to April 2014, a confidential informant (CI) purchased small quantities of cocaine base (crack cocaine) from Conway under the direction of law enforcement officers.  The sales yielded a total of 1.36 grams of crack cocaine and occurred in Conway's apartment, located within 1,000 feet of three local playgrounds.  During one of the controlled purchases, the CI observed a large bag containing individually wrapped packages of crack cocaine. Following his arrest, Conway admitted to selling crack cocaine to three or four individuals and to being "more of a marijuana dealer."

Conway's presentence investigation report (PSR) calculated a base offense level of 14 and a criminal history category of V.  The PSR recommended that the career-offender enhancement under Guidelines § 4B1.1 be applied because Conway previously had been convicted of at least two felony controlled substance offenses. Specifically, the PSR identified three qualifying convictions:  on March 25, 2004, Conway was convicted of unlawful delivery of less than one gram of a substance containing cocaine, in violation of Illinois law; on May 19, 2011, he was convicted of possession of 24.3 grams of marijuana with intent to deliver, in violation of Iowa law; and on November 26, 2011, he was convicted of possession of 15.3 ounces of marijuana with intent to deliver, in violation of Iowa law.  The career-offender enhancement raised Conway's offense level to 34 and his criminal history category to VI.  The PSR recommended a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 31, a criminal history category of VI, and an

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

advisory sentencing range of 188 to 235 months' imprisonment. The district court adopted the PSR's sentencing recommendations and imposed the above-described sentence.

At sentencing, Conway requested a downward departure and a variance from the bottom of the Guidelines range. In denying both requests, the district court stated that it had considered the factors listed in 18 U.S.C. § 3553(a). In particular, the court considered Conway's educational, substance abuse, mental health, and medical problems, as well as his history of resistance to drug treatment, noncompliance with state supervision, and repeated drug offenses despite the state courts' leniency. In weighing the § 3553(a) factors, the court stated,

> When I look at all the factors, not just one, but all the factors . . . , I find no basis for a variance. At first blush, with an increase in offense level from 14 to 34 for a career offender, plus going up 1 criminal history category, it seems that . . . the advisory guidelines could be out of line, but they're not.

The court noted that the drug quantity set forth in the PSR did not consider Conway's admitted marijuana sales, that Conway was a recidivist despite having received lenient sentences several times, and that his criminal history included prior convictions for drug offenses as well as for domestic-abuse assault and child endangerment. The court concluded that a 188-month sentence was "sufficient, but not greater than necessary to achieve the goals of sentencing."

We review the substantive reasonableness of a district court's sentence for abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Id. (quoting United

States v. Kane, 552 F.3d 748, 752 (8th Cir. 2009)).  Our review is "narrow and deferential," and "it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Id. at 464 (quoting United States v. Gardellini, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).  "If the defendant's sentence is within the Guidelines range, then we 'may, but [are] not required to, apply a presumption of reasonableness.'" Id. at 461 (alteration in original) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).  Conway concedes that the district court weighed all of the relevant factors.

Conway argues that we should not apply a presumption of reasonableness to his within-Guidelines sentence because the career-offender enhancement derives from a Congressional mandate, see 28 U.S.C. § 994(h), rather than from the Sentencing Commission's empirical research.  As Conway concedes, however, we rejected a similar argument in United States v. Coleman, 635 F.3d 380, 382 (8th Cir. 2011), a decision that we are bound by, notwithstanding Conway's argument that Coleman did not address seemingly contrary language in Kimbrough v. United States, 552 U.S. 85, 109-10 (2007).  Thus, we presume the sentence imposed by the district court is reasonable, and the burden falls on Conway to rebut that presumption.

Conway argues that the district court committed a clear error of judgment in weighing the § 3553(a) factors.  In particular, Conway contends that his sentence is greater than necessary to meet the sentencing goals listed in § 3553(a).  He claims that his sentence is greater than necessary to reflect the seriousness of his offense, that the career-offender enhancement increases his sentence more than is reasonable given the relatively small drug quantities involved in his prior convictions, and that the district court did not give due consideration to his history of substance abuse and other mitigating factors.  As set forth above, however, the district court took into account all of the relevant factors and exercised its discretion to give more weight to some factors than to others.  See United States v. Farmer, 647 F.3d 1175, 1179 (8th

-4-

Cir. 2011) ("Simply because the district court weighed relevant factors . . . more heavily than [the defendant] would prefer does not mean the district court abused its discretion."). The district court did not commit a clear error of judgment in weighing the sentencing factors, and Conway has failed to rebut the presumption that his sentence was reasonable.

The sentence is affirmed.

_____