# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1864

_____

United States of America

*Plaintiff - Appellee*

v.

Robert J. Reid

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 12, 2018
Filed: April 10, 2018

_____

Before COLLOTON, BENTON, and ERICKSON, Circuit Judges.

_____

BENTON, Circuit Judge

Robert J. Reid pled guilty to possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court[1] increased his

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

offense level based on two prior Missouri convictions under section 195.211, RSMo 2002: (1) attempted possession of a controlled substance with the intent to deliver not more than five grams of marijuana, and (2) delivery of not more than five grams of marijuana. Reid requested a variance to a sentence of 51 to 63 months. The district court disagreed, sentencing him to the bottom of the Guidelines range—151 months' imprisonment. Reid appeals, arguing his convictions are not for controlled substance offenses, and that the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Reid argues that based on Missouri case law, his two convictions do not meet the Guidelines definition of controlled substance offense and thus cannot increase his offense level. As stated in this court's decision in *United States v. Thomas*, No. 17-2213 (8th Cir. Apr. _, 2018), this argument fails.

## II.

Reid did not raise his two other issues in the district court. This court reviews them for plain error. *See **United States v. Ruiz-Salazar***, 785 F.3d 1270, 1272 (8th Cir. 2015) (per curiam). Under plain error review, "the party seeking relief must show that there was an error, the error is clear or obvious under current law, [and] the error affected the party's substantial rights." ***United States v. Poitra***, 648 F.3d 884, 887 (8th Cir. 2011). If these conditions are met, "the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" ***Puckett v. United States***, 556 U.S. 129, 135 (2009) (alteration in original) (internal citations omitted).

## A.

Reid argues that the statute violated in his first conviction, section 195.211, criminalizes "double attempt": *attempted* possession of a controlled substance with

the intent to *attempt* to distribute. He concludes that the statute would then criminalize conduct broader than the Guidelines definition.

The least act criminalized by section 195.211 is "an attempt to distribute a controlled substance." ***Thomas***, slip op. at 5. Missouri requires, for a conviction under section 195.211, that a defendant "knew" that the substance he attempted to sell was a controlled substance and did an act more than "the mere utterance of the offer for sale." *See **State v. Sammons***, 93 S.W.3d 808, 812 (Mo. App. 2002). Section 195.211 criminalizes an attempt to commit a controlled substance offense within the Guidelines definition. *See* **§ 4B1.2(b)**, *incorporated by* **§ 2K2.1, cmt. n.1**; **§ 4B1.2, cmt. n.1**.

## B.

On appeal, relying on state-court documents, Reid and the government agree that both of his convictions involved not more than five grams of marijuana—a class C felony under Missouri law. Reid argues that the United States Sentencing Commission exceeded its authority under 28 U.S.C. § 994(h) by allowing his convictions to count as controlled substance offenses, because they are "the functional equivalent of misdemeanor drug possession cases" under federal law. *See* **21 U.S.C. § 841(b)(4)** ("distributing a small amount of marihuana for no remuneration" has a penalty of "not more than 1 year" under 21 U.S.C. § 844).

Reid's argument has no merit. "[T]he Commission enjoys significant discretion in formulating guidelines." ***Mistretta v. United States***, 488 U.S. 361, 377 (1989). In section 994(h), Congress did not "specify how the Commission should define 'felony.'" *See **United States v. Coleman***, 635 F.3d 380, 382 (8th Cir. 2011). "Accordingly, the Commission was free to define 'prior felony conviction' for purposes of the career offender Guidelines as an 'adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year.'" ***Id.*** (a state misdemeanor conviction is a qualifying felony under the Guidelines even when it is punishable by imprisonment for "less than two years"). *See generally*

*United States v. Consuegra*, 22 F.3d 788, 790 (8th Cir. 1994) ("the Sentencing Commission . . . did not exceed its congressional directive by including state drug crimes in its definition of controlled substance offenses for which earlier convictions are counted towards career offender status"), *cited with approval in United States v. Mendoza-Figueroa*, 65 F.3d 691, 694 (8th Cir. 1995) (en banc).

The district court did not err, let alone commit plain error, by increasing the offense level based on the two prior Missouri controlled substance offenses.

III.

This court reviews the substantive reasonableness of sentences for abuse of discretion. *See United States v. Luleff*, 574 F.3d 566, 569 (8th Cir. 2009). Abuse of discretion occurs if the district court "fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error judgment in weighing those factors." *United States v. Cook*, 698 F.3d 667, 670 (8th Cir. 2012). The "sentencing court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

The district court sentenced Reid to the Guidelines minimum of 151 months. The district court discussed Reid's personal history. Replying to defense counsel's description of Reid's childhood as horrific and abusive, the district court agreed that he "did have some bad things" happen to him. The court emphasized the "serious nature" of the offense, noting he was "a convicted felon, possessing 22.597 grams of heroin . . . and possessing a semi-automatic firearm loaded with eight rounds of ammunition." The court stressed that the offense occurred while Reid was on probation, and that his criminal history was significant, including "drug-related weapon possessions, burglary, tampering and resisting arrest convictions." After acknowledging the § 3553(a) factors, the court imposed a sentence that "would

address the sentencing objectives of just punishment, general deterrence and incapacitation." The district court did not abuse its discretion in sentencing Reid.

* * * * * * *

The judgment is affirmed.

_____