# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2170

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Quinin Holt

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 9, 2018
Filed: May 15, 2018
[Published]

_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Eric Quinin Holt pled guilty to conspiring to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1]

---

[1] The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

sentenced him to 65 months' imprisonment and five years' supervised release. After prison, he violated his conditions of release and returned to prison. On release, he again violated his terms of supervision. The district court sentenced him to 24 months' imprisonment. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Holt contends the district court procedurally erred by failing to explain the reasons for its sentence. This court "review[s] the district court's revocation sentencing decision under the *same* deferential-abuse-of-discretion standard that applies to *initial* sentencing proceedings." *United States v. Johnson*, 827 F.3d 740, 744 (8th Cir. 2016) (internal quotation marks omitted). "A sentence is procedurally unreasonable if the district court . . . fail[ed] to consider the § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008) (internal quotation marks omitted). Imposing a revocation sentence, "[a] district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *Id.*

Imposing a 24-month sentence, the district court said:

In determining what sentence to impose, I have carefully considered the relevant guidelines and policy statements issued by the United States Sentencing Commission. In doing so, I have recognized that the range recommended by the guidelines is advisory. As directed by 18 U.S.C. Section 3583(e), I have also considered the relevant factors described in 18 U.S.C. Section 3553(a), including the nature and circumstances of the offense; the history and characteristics of the defendant; and the need to deter Mr. Holt and others from committing crimes in the future; to protect the public from Mr. Holt; to provide Mr. Holt with needed care, treatment, and training; and to avoid unwarranted disparities between Mr. Holt's sentence and the sentences of defendants with similar records who have been found guilty of similar conduct.

The district court properly considered the relevant factors and did not procedurally err in failing to explain its sentence.

Holt believes his 24-month sentence (guidelines range 5 to 11 months) is substantively unreasonable. This court reviews sentences for substantive reasonableness using an abuse-of-discretion standard. *Perkins*, 526 F.3d at 1110. In denying Holt's request for probation, the court said:

> [T]he federal government has invested in you just about everything the government can invest in you, even up to the Re-Entry Court Program where a federal judge is spending extra time trying to help you to succeed. All that has failed. Why would I at this point—tell me at this point why I should invest any more of the government's resources to try to help you when you don't want to help yourself.
>
> . . . .
>
> I mean, I'm looking at this Rule 25. Okay? So to start with I notice that you denied to the woman doing the assessment that you used cocaine. It says you deny any use of cocaine. I think all of your dirty UAs here in federal court have all been for cocaine use, and yet here it says, "Client denied any use of cocaine or crack." So how are you going to get better when you're not even being honest to the people you're going to see about getting better?

In sentencing Holt above the guidelines, the court discussed his lengthy criminal history, beginning "in 2005 for selling crack." On his first period of supervised release, "he was selling crack during most of the time" and "also using drugs himself, missing drug tests, and failing to cooperate with drug treatment programs." After a period of unemployment, he again "was arrested for selling crack" and sent back to prison. On release, "[h]e did not make it even four days before he used cocaine, and he did not make it even five days before he skipped his

first drug test." The district court noted that for his first violation, it "treated him leniently, merely modifying his conditions of release to include 90 days of home detention with electronic monitoring." He responded "by using cocaine while he was on home detention for using cocaine." After nine more months in prison, he again violated his conditions of release numerous times, missing drug tests, using cocaine, skipping court-required sessions, and failing to report to his probation officer. Given his lengthy history of illegal activity and noncompliance with court orders, the district court did not abuse its discretion in sentencing him to 24 months. *See United States v. Beran*, 751 F.3d 872, 875 (8th Cir. 2014) (upholding 48-month sentence from 8- to 14-month range).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____