# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2257

_____

United States of America

*Plaintiff - Appellee*

v.

Rico Dixon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Waterloo

_____

Submitted: May 18, 2018
Filed: August 9, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Rico Dixon pled guilty to multiple violations of his supervised release and the district court[1] sentenced him to a term of imprisonment of eighteen months. Dixon

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

appeals, claiming that the imposed sentence is substantively unreasonable. We affirm.

On June 20, 2016, Dixon began serving the term of supervised release at issue. Within three months Dixon violated the terms of his release by failing to participate in substance abuse testing, using cannabinoids, a controlled substance, and failing to truthfully answer inquiries by his probation officer. On October 7, 2016, the district court modified Dixon's terms of supervision to include completion of twenty hours of community service work within sixty days, which Dixon never completed.

On November 1, 2016, Dixon submitted his monthly report, which demonstrated that he violated a standard condition of his supervised release when he quit his job and failed to inform his probation officer. Then, on November 15, 2016, Dixon's probation officer received notification that Dixon tested "presumptive positive" for cannabinoids on November 9. Dixon did not return messages or calls from his probation officer regarding this report, resulting in an additional violation of "failure to follow USPO instructions." At that same time, the probation officer received an additional report that Dixon was a "no call, no show" at his scheduled substance abuse treatment session, also a violation of a special condition of Dixon's supervised release. Based on these alleged violations, the district court issued a warrant for Dixon's arrest on November 17, 2016.

Dixon's whereabouts were unknown until March 22, 2017, when Dixon was arrested in Chicago, Illinois, for a minor traffic violation. Dixon's travel to Chicago likewise violated a standard condition of his release. On March 31, 2017, Dixon yet again tested "presumptive positive" for cannabinoids and he admitted that he last used marijuana on or around the date of his March 22 arrest. Dixon was detained pending his revocation hearing, which hearing was postponed three times over two months because Dixon continued to test positive for marijuana while in custody. Dixon admitted to all of the violations alleged, which were grade "C" violations. The

suggested Guidelines range of imprisonment for these violations was three to nine months and the statutory maximum term of imprisonment was three years. Dixon urged the court to adopt the Guidelines suggested range, and the government advocated for a revocation term of eighteen months followed by three years of supervised release, which the court granted.

This court reviews the substantive reasonableness of a sentence using a deferential abuse-of-discretion standard. United States v. Waters, 883 F.3d 1022, 1028 (8th Cir. 2018). "Abuse of discretion occurs if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error [of] judgment in weighing those factors.'" United States v. Reid, 887 F.3d 434, 438 (8th Cir. 2018) (quoting United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012)). "If a district court varies beyond the Guidelines range, we consider the extent of the variance but 'give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance.'" Waters, 883 F.3d at 1028 (quoting Ferguson v. United States, 623 F.3d 627, 631 (8th Cir. 2010)).

Dixon argues his revocation sentence is unreasonable given that at the time of his original sentencing he only had a criminal history category I, he successfully completed a 500-hour-drug-abuse program while in prison, his life is largely otherwise free of criminal violations, he was honest with the court, and the transgressions he committed during his supervised release were merely grade "C" violations. Too, he argues the district court erroneously posited that it had given Dixon a "break" on previous occasions during his original sentencing and again when the court reduced Dixon's sentence based on a law change in sentencing calculations.

Upon review of the sentencing colloquy, we find no abuse of discretion by the district court. The district court's sentence reflects its consideration of the many repeated and serious violations committed by Dixon while on court supervision, including that he absconded for nearly four months. The court considered the 18 U.S.C. § 3553(a) factors, was knowledgeable of Dixon's history and characteristics as it had presided over his initial sentencing, and gave a lengthy recitation about Dixon's repeated violations in this case. United States v. Franklin, 397 F.3d 604, 607 (8th Cir. 2005) ("It also is worth noting that the judge who presided over [the defendant's] sentencing after revocation of supervised release was the same judge who imposed [the defendant's] initial sentence; therefore, at the revocation hearing, the district court was aware of [the defendant's] history and characteristics.").

The district court noted that it had already attempted to give Dixon community service hours for prior violations, which Dixon wholly failed to complete and further persisted in disregarding the law. The district court fully recognized that the imposed sentence was above the policy statement of the Sentencing Commission but deemed it necessary given Dixon's violations and the aggravating circumstances including that he absconded and did not surrender, and tested positive for marijuana for an inordinately long period of time even after he was arrested. Given Dixon's violations and his noncompliance with court orders, the district court did not abuse its discretion in imposing an eighteen month sentence. See United States v. Holt, 890 F.3d 721, 724 (8th Cir. 2018) (upholding the imposition of a twenty-four month sentence although the Guidelines suggested five to eleven months). The judgment is affirmed.

_____