# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2354

_____

United States of America

*Plaintiff - Appellee*

v.

Michael L. Chadwick

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: May 18, 2018
Filed: August 9, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, BEAM and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Michael Chadwick appeals from the district court's[1] imposition of 62 months'
imprisonment following Chadwick's guilty plea to being a felon in possession of a

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the
Western District of Missouri.

firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He claims the court's upward variance from the suggested Guidelines range of 30 to 37 months is substantively unreasonable. We affirm.

On appeal, Chadwick does not dispute the underlying facts. Indeed, he was a felon in possession of a firearm and he pleaded guilty to that charge. In December 2015, officers with the Independence, Missouri, Police Department were called to a location to investigate a report of two suspicious males, one of whom was carrying a rifle case. When the officers arrived, they observed two men, one of whom was Chadwick, standing next to a backpack, a bicycle, and a blue rifle case. When officers approached the two men, Chadwick ran, but was detained after a brief foot chase. Afterward, officers learned that Chadwick and the other male had active warrants and they arrested both men. In the blue rifle case was a Japanese Type 99, 7.7 mm caliber rifle, which Chadwick admitted was his. Chadwick stated he planned to sell the rifle because he needed money. He also admitted that he knew he was prohibited from possessing the rifle because he was a convicted felon.

At the time Chadwick entered his plea, the district court ordered a presentence investigation. The presentence investigation report (PSR) suggested a range of 30 to 37 months' imprisonment based on a Guidelines calculation with a total offense level of 12 and a criminal history category of VI. The report reveals a lengthy list of convictions and arrests for Chadwick spanning ages 16 to 39. Chadwick argues on appeal that the district court relied upon an improper factor at sentencing–that Chadwick had eleven children and never married–and that commenting on this fact was an improper value judgment by the court regarding Chadwick's morals. He additionally argues the court committed a clear error in judgment in weighing the sentencing factors as it did, arguing that the court improperly started its analysis with the statutory maximum of ten years as its guidepost, rather than the Guidelines range of 30 to 37 months, and gave only passing thought to the value of Chadwick's cooperation with law enforcement.

This court reviews the substantive reasonableness of a sentence using a deferential abuse-of-discretion standard. United States v. Waters, 883 F.3d 1022, 1028 (8th Cir. 2018). "Abuse of discretion occurs if the district court 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error [of] judgment in weighing those factors.'" United States v. Reid, 887 F.3d 434, 438 (8th Cir. 2018) (quoting United States v. Cook, 698 F.3d 667, 670 (8th Cir. 2012)). "If a district court varies beyond the Guidelines range, we consider the extent of the variance but 'give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance.'" Waters, 883 F.3d at 1028 (quoting Ferguson v. United States, 623 F.3d 627, 631 (8th Cir. 2010)).

At sentencing the district court focused on Chadwick's criminal history, which included a demonstrated and repeated disrespect for the law, and a lack of deterrence from committing crimes based on serving previous sentences for convictions. Based on this history, and reviewing the Guidelines benchmark before it, the court immediately acknowledged that the suggested Guidelines sentence was not in consideration. However, also balancing the requisite factors, the court additionally noted that it likewise did not consider the statutory maximum of 10 years appropriate given Chadwick's cooperation with the government and the fact that he took responsibility for his actions. Chadwick argues that the court's mention of the 32-month sentence resulting from his most recent felony conviction demonstrates that this factor was the driving force behind the court's analysis and the court erred in relying upon it as a basis for varying upward in the instant case. We disagree. The court included its discussion of that particular sentence as part of a lengthy discussion regarding Chadwick's criminal history and particularly his lack of respect for the legal process generally. We find no abuse of discretion in the court's analysis based on a careful reading of this sentencing colloquy.

-3-

It is clear from the transcript that Chadwick's extensive criminal history, the characteristics of this offense in light of all of his previous offenses, and the court's desire to deter Chadwick from his demonstrated recidivist behavior weighed the heaviest of all factors. The court stated that those factors, alone, fully warranted the imposition of a statutory maximum sentence in this case. It was only upon the court's consideration of the remaining § 3553(a) factors that the court arrived at the imposed 62-month sentence, a balancing of the requisite factors the district court is fully equipped to make. "District courts enjoy wide latitude when applying the sentencing factors in 18 U.S.C. § 3553(a) and are free to 'assign some factors greater weight than others.'" Waters, 883 F.3d at 1028 (quoting United States v. Chavarria-Ortiz, 828 F.3d 668, 672 (8th Cir. 2016)).

As to the court's mention of Chadwick's eleven children, read in context, the court's reference was in response to Chadwick's focus on his "regular contact" with his eight-year-old daughter, whom Chadwick wanted to get home to, and which Chadwick argued was a mitigating factor here warranting a lesser sentence. The court, reasonably, clarified by way of a question to Chadwick's counsel that there were eleven children, not one. That the court found the number "remarkable" does not evince a judgment on Chadwick's morality or reliance on an impermissible factor in its ultimate sentencing analysis. Indeed, that discussion took place outside of the court's recitation of its pronouncement of its reasons supporting the sentence imposed.

The district court did not abuse its discretion in arriving at the 62-month sentence. We affirm.

_____