# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2979

_____

United States of America

*Plaintiff - Appellee*

v.

Marcus Broadway

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 15, 2020
Filed: August 5, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Marcus Broadway, who received 100 months in prison for distributing methamphetamine, *see* 21 U.S.C. § 841(a)(1), appeals his sentence on two grounds. The first is that the district court[1] should not have sentenced him as a career offender.

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

*See* U.S.S.G. § 4B1.1(a). The second is that he did not deserve an enhancement for possessing a dangerous weapon. *See id.* § 2D1.1(b)(1). Neither argument entitles him to relief.

The first issue turns on whether Broadway's prior convictions of delivery of cocaine and attempted delivery of cocaine qualify as "controlled substance offense[s]" under the Sentencing Guidelines. U.S.S.G. § 4B1.1(a); *see* Ark. Code Ann. § 5-64-401(a)(1)(A)(i) (Supp. 2005); *id.* § 5-64-422(a) (Supp. 2011). A "controlled substance offense" includes "distribution," U.S.S.G. § 4B1.2(b), which can be accomplished through "deliver[y]," Ark. Code Ann. § 5-64-101(9); *see id.* § 5-64-101(6). The commentary extends the reach of section 4B1.2(b) to attempted distribution, even though the provision itself lists only completed acts. U.S.S.G. § 4B1.2, cmt. n.1. Since 1995, we have deferred to the commentary, not out of its fidelity to the Guidelines text, but rather because it is not a "plainly erroneous reading" of it. *United States v. Mendoza-Figueroa*, 65 F.3d 691, 693 (8th Cir. 1995) (en banc); *accord, e.g.*, *United States v. Garcia*, 946 F.3d 413, 417 (8th Cir. 2019); *United States v. Reid*, 887 F.3d 434, 437 (8th Cir. 2018); *see also Stinson v. United States*, 508 U.S. 36, 44–45 (1993) (giving deference to the Guidelines commentary under *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410 (1945), because it is analogous to an agency's interpretation of its own regulation).[2] For this reason, both of Broadway's convictions count as "controlled substance offense[s]."

Broadway's challenge to the two-level dangerous-weapon enhancement fares no better.[3] *See* U.S.S.G. § 2D1.1(b)(1). Broadway was arrested in his girlfriend's

---

[2]We are not in a position to overrule *Mendoza-Figueroa*, as Broadway urges us to do, even if there have been some major developments since 1995. *See Kisor v. Wilkie*, 139 S. Ct. 2400, 2414 (2019) (emphasizing that *Auer*/*Seminole Rock* deference is triggered only by "genuine[] ambigu[ity]"); *United States v. Booker*, 543 U.S. 220, 259–61 (2005) (making the Sentencing Guidelines advisory).

[3]Due to Broadway's career-offender status, the enhancement did not affect his Guidelines range. *See* U.S.S.G. § 4B1.1(b)(3). This fact does not make his challenge moot, however, because of the potential impact on his eligibility for early

apartment, where law enforcement found a gun that he acknowledged possessing. The only dispute is whether the gun was "connected with the offense." *Id.* § 2D1.1, cmt. n.11(A).

The bar is not high. *See United States v. Anderson*, 618 F.3d 873, 882 (8th Cir. 2010) (describing it as "very low"). Unless it is "clearly improbable that the weapon was connected with the offense," including any relevant conduct, the enhancement applies. U.S.S.G. § 2D1.1, cmt. n.11(A); *see United States v. Ault*, 446 F.3d 821, 824 (8th Cir. 2006). Along with the gun, officers recovered over $2,000 in cash, plastic baggies, and 54.5 grams of marijuana in the apartment. The presence of these items allowed the district court to "infer[] that a gun near the vicinity of drug activity [was] somehow connected to it." *United States v. Peroceski*, 520 F.3d 886, 889 (8th Cir. 2008). In light of this evidence, the enhancement stands. *See United States v. Torres*, 409 F.3d 1000, 1003 (8th Cir. 2005) (applying clear-error review).

We accordingly affirm the judgment of the district court.

——————————————————

release. 28 C.F.R. § 550.55(b)(5)(ii); *see United States v. Torres*, 409 F.3d 1000, 1002–03 (8th Cir. 2005).